UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **TERRY WHITE,**<br><br>                    Plaintiff,<br><br>-vs-<br><br>**COHEN & SLAMOWITZ, LLP,**<br><br>                    Defendant. | *Civil Action No.* _____ |

## COMPLAINT & DEMAND FOR JURY TRIAL

### INTRODUCTION

1. Plaintiff Terry White brings this action for actual and statutory damages resulting from the Defendant's various violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA"), a law that prohibits debt collectors from using abusive, deceptive, and unfair practices in an attempt to collect a debt.

### JURISDICTION & VENUE

2. This honorable Court possesses jurisdiction over this matter pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Additionally, venue in this district arises pursuant to 28 U.S.C. §1391(b) since the Defendant transacts business here and the conduct complained of occurred here.

### PARTIES

4. Plaintiff Terry White is a natural person residing in the County of Erie, State of New York, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Cohen & Slamowitz, LLP, (hereinafter "Cohen") is a domestic registered limited liability partnership organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Any and all acts of the Defendant hereinafter alleged were performed by Defendant's employees, while under the scope of the Defendant's actual or apparent authority.

7. Any and all references to "Defendant" herein shall include the Defendant and/or an employee of the Defendant.

**FACTUAL ALLEGATIONS**

8. That upon information and belief, Plaintiff Terry White allegedly incurred and later allegedly defaulted on a debt to "Midland Funding." Said alleged debt will hereinafter be referred to as "the subject debt."

9. The subject debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5), as it allegedly arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

10. That upon information and belief, Defendant was employed by the purported creditor following Plaintiff's alleged default, in order to collect payment on the subject debt.

11. That shortly thereafter, Defendant began calling Plaintiff White repeatedly and continuously by telephone, with the intent to annoy, abuse and harass him.

12. That on several instances, Defendant called and spoke with Plaintiff White and failed to provide meaningful disclosure of the Defendant's identity and otherwise failed to disclose that the communication was from a debt collector.

13. That during one such call, a female representative for Defendant Cohen, who identified herself as "Mindy Boxer," called and spoke with Plaintiff White. At that time, Ms. Boxer stated that she was collecting a debt for "Midland Funding" and aggressively demanded payment of the subject debt. Plaintiff White stated that he did not know who Midland Funding was and requested documentation regarding the purported debt. However, Defendant told Plaintiff that he did not need any documentation, simply declared that he did in fact owe the debt and again attempted to solicit payment. Upon informing Defendant that he did not have enough money to make the payments she requested, Defendant yelled "Oh hell, you're gonna pay this bill, you know you've got the damn money!" *(or words to that effect)*.

14. That in response to Defendant's aforementioned abusive statement, Plaintiff White again replied that he did not have the money to pay Defendant. However, Ms. Boxer persisted, making various offensive and rude statements and eventually accusing Plaintiff of lying. As the telephone conversation continued, Defendant repeatedly interrupted Plaintiff White and repeatedly spoke over him, preventing him from expressing himself in a meaningful manner.

15. That at no time during the aforementioned message did Defendant Cohen provide Plaintiff White with the disclosures required by 15 U.S.C. §1692e(11).

16. That Defendant failed to provide Plaintiff White with a written notice of the subject debt and his rights as a "consumer" as required by 15 U.S.C. §1692g(a).

17. That as a result of Defendant's annoying, abusive and harassing behavior, Plaintiff Terry White became extremely offended, upset and otherwise suffered from emotional distress. Mr. White was so upset by his exchange with Ms. Boxer that he did not sleep that night, experienced elevated blood pressure and still becomes very upset whenever he thinks about how he was disrespected.

### CAUSE OF ACTION

18. The aforementioned acts and omissions of the Defendant have violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

19. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(2) by using language the natural consequence of which was to abuse the hearer, by:
    a. Ignoring Plaintiff's request for documentation/information regarding the subject debt and simply declaring that he did in fact owe Midland Funding payment of the subject debt;
    b. Yelling at Plaintiff, "Oh hell, you're gonna pay this bill, you know you've got the damn money!" *(or words to that effect)*;
    c. Making various other offensive and rude statements and eventually accusing Plaintiff of lying; and
    d. Repeatedly interrupting Plaintiff White and repeatedly speaking over him in order to prevent him from expressing himself in a meaningful manner.

20. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly and continuously causing Plaintiff's telephone to ring with the intent to annoy, abuse and harass.

21. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(6) by repeatedly failing to provide meaningful disclosure of Defendant's identity during calls with Plaintiff White.

22. Defendant violated 15 U.S.C. §1692e and 15 U.S.C. §1692e(11) by repeatedly failing to disclose in the telephone calls shared with Plaintiff White, that Defendant was a debt collector attempting to collect a debt.

23. Defendant violated 15 U.S.C. §1692g(a) by failing to provide Plaintiff White with a written notice of the subject debt and his rights as a "consumer."

24. Because of the Defendant's various aforementioned violations of the FDCPA, Plaintiff Terry White became extremely upset, embarrassed, felt extremely disrespected, nervous, anxious, experienced high blood pressure, lost sleep and otherwise suffered from emotional distress.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Terry White respectfully requests that this honorable Court enter judgment against the Defendant for:

(a) Actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

(b) Statutory damages, pursuant to 15 U.S.C. §1692k(a)(2)(A);

(c) Costs and disbursements of this action, together with reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3); *and*

(d) For any and all additional relief as this honorable Court may deem just and proper.

## JURY DEMAND

Please take notice that Plaintiff White demands a trial by jury in this action.

Date: February 21, 2011

/s/Frank J. Borgese
Frank J. Borgese, Esq.
Graham Law, P.C.
*Attorneys for the Plaintiff*
1207 Delaware Ave., Suite 202
Buffalo, New York 14209
fborgese@grahamlawpc.com
716.200.1520